UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGE BURNS,<br>Plaintiff,<br>-against-<br>SAMUEL S. COE, et al.,<br>Defendants. | 1:25-CV-9606 (LTS)<br><br>ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated February 5, 2026, and entered on February 6, 2026, and in a civil judgment dated and entered February 10, 2026, the Court dismissed this action without prejudice *sua sponte* because Plaintiff, who appears *pro se* and is presently incarcerated in the Auburn Correctional Facility ("Auburn"), is barred, under 28 U.S.C. § 1915(g), from filing any federal civil action *in forma pauperis* ("IFP") as a prisoner. (ECF 4, 5.)

On July 9, 2026, the court received a notice of appeal from Plaintiff.[1] (ECF 6.) On July 27, 2026, the court received an Affidavit Accompanying Motion for Permission to Appeal IFP ("affidavit") from him. (ECF 7.) On September 3, 2026, the court received another affidavit from Plaintiff. (ECF 8.) On September 25, 2026, the court received a "motion to file a late appeal" (ECF 9) and another affidavit (ECF 10) from him.

The Court construes Plaintiff's "motion to file a late appeal" as a motion for an extension of time to file a notice of appeal, brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure ("Rule 4(a)(5)"), and as a motion to reopen the time to file a notice of appeal, brought

---

[1] As a result of Plaintiff's filing of a notice of appeal, the record of this action was forwarded to the United States Court of Appeals for the Second Circuit. Plaintiff's appeal of this action is pending in that court. *See Burns v. Coe*, No. 26-1889 (2d Cir.).

under Rule 4(a)(6) of the same rules ("Rule 4(a)(6)"). The Court also construes Plaintiff's notice of appeal and affidavits as motions for leave to proceed IFP on appeal. For the reasons set forth below, the Court denies all of Plaintiff's motions.

**DISCUSSION**

**A. Rule 4(a)(5) relief**

A party normally has 30 days from the entry date of the order or civil judgment being challenged to file a timely notice of appeal. *See* Fed. R. App. P. 4(a)(1)(A). The Clerk of Court entered the relevant civil judgment on February 10, 2026. (ECF 5.) Thus, at the latest, Plaintiff had 30 days from that date, or until March 12, 2026, to file a timely notice of appeal. Plaintiff's notice of appeal is dated June 24, 2026, and the envelope that contained it was postmarked July 7, 2026. (ECF 6.) Thus, because Plaintiff is incarcerated, and by operation of the "prison-mailbox rule," he did not file his notice of appeal, at the earliest, until June 24, 2026, well after that 30-day period expired. *See Houston v. Lack*, 487 U.S. 266 (1988); *Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) (summary order) ("[W]e have never required prisoners to provide affidavits of service to verify when they give their documents to prison officials. Indeed, in the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing." (citing cases)); *see also* Fed. R. App. P. 4(c)(1) ("If an inmate files a notice of appeal in . . . a civil . . . case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and: (A) it is accompanied by: . . . (ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid"); *Walker v. Jastremski*, 430 F.3d 560,

562-64 (2d Cir. 2005) (discussing the "prison-mailbox rule"). Thus, Plaintiff's notice of appeal is untimely.[2]

A Rule 4(a)(5) motion for an extension of time to file a notice of appeal must be filed during the period in which a timely notice of appeal must be filed or within 30 days thereafter. *See* Fed. R. App. P. 4(a)(5)(A)(i). Thus, Plaintiff had, at the latest, until April 13, 2026, to file a timely Rule 4(a)(5) motion.[3] Plaintiff's construed Rule 4(a)(5) motion does not indicate the date that it was signed, but the envelope in which it was contained and delivered from Plaintiff's prison was postmarked September 22, 2026. (ECF 9.) Thus, under the "prison-mailbox rule," *Walter*, 430 F.3d at 562-64, Plaintiff's Rule 4(a)(5) motion was filed on or about September 22, 2026, well after the expiration of the period in which to file a timely Rule 4(a)(5) motion. Accordingly, the Court denies Plaintiff's Rule 4(a)(5) motion as untimely.[4]

---

[2] Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). But "[i]f no notice of appeal is filed before the deadline provided by Rule 4(a)(1) (or a new deadline set pursuant to Rule 4(a)(5) or (6)), [the Court of Appeals] lacks jurisdiction to hear the appeal." *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 363 (2d Cir. 2003) (citing *Griggs*, 459 U.S. at 61). Accordingly, because Plaintiff's notice of appeal is untimely, this Court retains jurisdiction to consider Plaintiff's abovementioned motions, as his appeal in the Second Circuit would appear to be "a nullity." *Griggs*, 459 U.S. at 61; *In re WorldCom Inc.*, 708 F.3d 327, 340 n.68 (2d Cir. 2013) (litigant's "only action at that time was to file a clearly untimely notice of appeal, a "'nullity'" of no legal effect" (citations omitted)).

[3] Because the last day of the period in which to file a timely Rule 4(a)(5) motion actually fell on Saturday, April 11, 2026, that period was extended until the next court business day, Monday, April 13, 2026. *See* Fed. R. App. P. 26(a)(1)(C).

[4] Even if the Court were to construe Plaintiff's notice of appeal (ECF 6) as a Rule 4(a)(5) motion, at the earliest, it was deemed filed on June 24, 2026, *see supra* at 2, after the period to file a timely Rule 4(a)(5) motion had expired. Thus, it too is untimely as a Rule 4(a)(5) motion.

**B. Rule 4(a)(6) relief**

Plaintiff, in his notice of appeal, asserts that he "may have received notice of the judgment late," though it is unclear whether he is referring to this action or to another action. (ECF 6, at 3.) Thus, Plaintiff may be seeking, under Rule 4(a)(6), to reopen the time to file a notice of appeal in this action. Under Rule 4(a)(6):

> [t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Under Rule 77(d) of the Federal Rules of Civil Procedure ("Rule 77(d)"), "[i]mmediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b) [of the Federal Rules of Civil Procedure ("Rule 5(b)")] . . . . The clerk must record the service on the docket . . . ." Fed. R. Civ. P. 77(d)(1). Rule 5(b) allows for service by "mailing [a court-issued document] to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C).

The court's docket of this action indicates that the abovementioned order of dismissal (ECF 4), which was entered on February 6, 2026, was mailed to Plaintiff's last known address (Auburn) three days later, on February 9, 2026, and it also indicates that the abovementioned civil judgment (ECF 5), which was entered on February 10, 2026, was mailed to Plaintiff's last known address (Auburn) the next day, on February 11, 2026. Thus, pursuant to Rule 5(b)(2)(C)

and Rule 77(d)(1), Plaintiff *did* receive notice of the entry of the abovementioned order of dismissal and civil judgment within 21 days after their entry. *See* Fed. R. Civ. P. 5(b)(2)(C) (service is complete upon mailing to a person's last known address). Accordingly, because the requirements of Rule 4(a)(6)(A) have not been satisfied, the Court will not proceed to Rule 4(a)(6)'s additional requirements, and the Court denies Plaintiff Rule 4(a)(6) relief.

**C. Leave to proceed IFP on appeal**

To the extent that Plaintiff, in his notice of appeal and in his affidavits (ECF 6, 7, 8, 10), moves for leave to proceed IFP on appeal, the Court must also deny that relief. Under 28 U.S.C. § 1915(a)(3), an "appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). In its February 5, 2026 order of dismissal, and its February 10, 2026 civil judgment, the Court certified, under Section 1915(a)(3), "that any appeal from [that] order [and judgment] would not be taken in good faith" (ECF 4, at 2; ECF 5), denying IFP status for the purpose of an appeal, *see* § 1915(a)(3). Thus, because the Court has already decided that any appeal from the Court's abovementioned order of dismissal and civil judgment would not be taken in good faith, the Court denies any request, in his notice of appeal and affidavits (ECF 6, 7, 8, 10), for leave to proceed IFP on appeal.

**CONCLUSION**

The Court construes Plaintiff's "motion to file a late appeal" (ECF 9) as a motion for an extension of time to file a notice of appeal, brought under Rule 4(a)(5) of the Federal Rules of Appellate Procedure, and as a motion to reopen the time to file a notice of appeal, brought under Rule 4(a)(6) of the same rules. The court also construes Plaintiff's notice of appeal (ECF 6) and affidavits (ECF 7, 8, 10) as motions for leave to proceed IFP on appeal. For the reasons discussed in this order, the Court denies all of Plaintiff's motions. The Court therefore directs the Clerk of Court to terminate ECF 9.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 5, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge